IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.P., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 4:19-CV-00351-SRB |
| | ) |
| WILLIAM JEWELL COLLEGE, | ) |
| | ) |
|     Defendant. | ) |

**SUGGESTIONS IN SUPPORT OF DEFENDANT'S PARTIAL
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

I. INTRODUCTION ........................................................................................................... 1

II. PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF FOR
ALLEGED TITLE IX VIOLATIONS............................................................................. 2

III. PLAINTIFF'S COUNTS III, VI, AND VII FAIL TO STATE A CLAIM ...................... 4

    A. Count III Fails to State a Claim Because the College Did Not Have a
General Duty to Protect Students from Criminal Acts of Third Parties ................. 5

    B. Count VI Fails to State a Claim Because Missouri Law Does Not
Recognize "Administrative Negligence"................................................................ 7

    C. Count VII Fails to State a Claim Because the College Did Not Owe a
Fiduciary Duty to Plaintiff ...................................................................................... 9

IV. CONCLUSION.............................................................................................................. 10

CERTIFICATE OF SERVICE .................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Robinson*,
  2012 WL 6049090 (E.D. Mo. 2012) .................................................................................. 6, 7

*Arnold v. Erkmann*,
  934 S.W.2d 621 (Mo. Ct. App. 1996) ..................................................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5

*Bernbeck v. Gale*,
  829 F.3d 643 (8th Cir. 2016) ................................................................................................. 2

*Brooks v. Roy*,
  776 F.3d 957 (8th Cir. 2015) ................................................................................................. 5

*Brown v. Mortgage Electronic Registration Sys., Inc.*,
  738 F.3d 926 (8th Cir. 2013) ................................................................................................. 5

*City of Kansas City v. Yarco Co., Inc.*,
  625 F.3d 1038 (8th Cir. 2010) ............................................................................................... 2

*Elizabeth M. v. Montenez*,
  458 F.3d 779 (8th Cir. 2006) ................................................................................................. 3

*Frederick v. Simpson Coll.*,
  160 F. Supp. 2d 1033 (S.D. Iowa 2001) ................................................................................ 4

*Freeman v. Busch*,
  349 F.3d 582 (8th Cir. 2003) .............................................................................................. 8, 9

*Friedman v. Sheldon Cmty. Sch. Dist.*,
  995 F.2d 802 (8th Cir. 1993) ................................................................................................. 2

*Frost v. Sioux City, Iowa*,
  920 F.3d 1158 (8th Cir. 2019) ............................................................................................... 3

*Grandson v. Univ. of Minn.*,
  272 F.3d 568 (8th Cir. 2001) ................................................................................................. 4

*Great Plains Trust Co. v. Union Pac. R.R. Co.*,
  492 F.3d 986 (8th Cir. 2007) ................................................................................................. 5

*Johnston v. Norrell Health Care, Inc.*,
 835 S.W.2d 565 (Mo. Ct. App. 1992) .................................................................................. 9, 10

*Nickel v. Stephens Coll.*
 480 S.W.3d 390 (Mo. Ct. App. 2015) .................................................................................... 6, 8

*NTD I, LLC v. Alliant Asset Mgmt. Co., LLC*,
 337 F. Supp. 3d 877 (E.D. Mo. 2018) ....................................................................................... 9

*Pearson v. Logan Univ.*,
 2018 WL 3631227 (E.D. Mo. 2018) ................................................................................. 6, 7, 8

*Richey v. DP Properties, LP*,
 252 S.W.3d 249 (Mo. Ct. App. 2008) ..................................................................................... 6, 7

## Rules and Regulations

Fed. R. Civ. P. 12 ................................................................................................. 1, 2, 4, 5, 7, 10

## Additional Authorities

*https://www.jewell.edu/anti-harassment-and-grievance.* .................................................................. 3

iii

## I. INTRODUCTION

According to Plaintiff's Complaint, the College negligently recruited and admitted a student, Z.P., with a known history of sexual misconduct from high school, failed to take any steps to address a report that Z.P. secretly recorded two College students having sex, and then failed to prevent Z.P. from sexually assaulting Plaintiff in her dormitory room after she and a roommate invited him there early one morning to watch a movie. Put simply, this narrative isn't accurate. The College appropriately vetted Z.P. before admitting him, the College responded reasonably and promptly to prior concerns about Z.P. videotaping a sexual encounter between two students, and the College did not in any way cause the circumstances that led to Plaintiff's alleged sexual assault. While Plaintiff's allegations are entitled to a presumption of accuracy at this early procedural stage, the College looks forward to refuting those allegations with evidence in subsequent stages of the case.

Regardless of the fact that Plaintiff's allegations are entitled to a presumption of accuracy at this time, several of Plaintiff's claims suffer fatal legal defects that should result in their immediate dismissal. Specifically, in Count I, Plaintiff seeks prospective injunctive relief to correct alleged violations of Title IX by the College. Yet, Plaintiff pleads that she is no longer a student. And she fails to plead that she has any desire or intention to return to the College. Thus, the prospective relief she seeks (new policies, new training, and future compliance audits) will have no personal impact on her as a non-student. As a result, she fails to meet her burden to establish standing to seek such relief under Article III of the U.S. Constitution, and, accordingly, this Court lacks subject matter jurisdiction to award such relief. Therefore, this Court should dismiss Plaintiff's Count I under Federal Rule of Civil Procedure 12(b)(1), to the extent it seeks prospective relief.

1

Additionally, Plaintiff asserts a bevy of negligence and fiduciary duty claims that are intended to augment her primary claim under Title IX. While two of these theories bear at least some tenuous anchor in existing law (Count IV for premises liability and Count V for negligent supervision), her Count III for "negligent failure to protect," Count VI for "administrative negligence," and Count VII for "breach of fiduciary duty," are not recognized in Missouri law on these facts and are predicated on the assumption that the College had a general duty to protect Plaintiff from the criminal conduct of third-parties and that the College was a fiduciary to Plaintiff, propositions that Missouri law rejects. Thus, this Court should dismiss Counts III, VI, and VII for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.     PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF FOR ALLEGED TITLE IX VIOLATIONS

In Count I, Plaintiff asserts a claim against the College for violation of Title IX. In addition to damages and attorney fees, Plaintiff seeks prospective injunctive relief related to the College's alleged Title IX violations. *See* Complaint (Doc. 1), Prayer for Relief at 30. But, because Plaintiff is no longer a student of the College, she will not personally benefit from any of the injunctive relief she seeks. Thus, she lacks standing to seek that relief and, consequently, this Court lacks subject matter jurisdiction to grant it. Therefore, the Court should dismiss Plaintiff's Title IX claim pursuant to Federal Rule of Civil Procedure 12(b)(1) to the extent it seeks prospective relief.

Federal courts have a duty, in every case, to ensure that they have subject matter jurisdiction. *City of Kansas City v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). Article III standing is an essential element of subject matter jurisdiction. *Friedman v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir. 1993). Critically, it is the plaintiff's burden to establish

2

standing for *each claim* that she asserts. *Bernbeck v. Gale*, 829 F.3d 643, 649 n.4 (8th Cir. 2016).

To establish standing to seek prospective injunctive relief, a plaintiff must demonstrate that she is "likely to suffer future injury that will be remedied by the relief sought." *Elizabeth M. v. Montenez*, 458 F.3d 779, 784 (8th Cir. 2006). "[P]ast injuries alone are insufficient to establish standing [for prospective injunctive relief.] Rather, the plaintiff must show he is suffering an ongoing injury or faces an immediate threat of injury." *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1161 (8th Cir. 2019).

Here, Plaintiff's prayer asks the Court to remedy the College's alleged violations of Title IX by mandating adoption of a comprehensive "sexual harassment policy[1]," "distributing written policies to all students," adopting a "zero tolerance policy" with "expedited proceedings and punishment proportional to the offense," and providing an "annual, independent review" by "outside reviewers" of the College's decisions in sexual harassment cases and recruiting policies. *See* Complaint (Doc. 1 at 30-31). Yet Plaintiff alleges in her Complaint that she withdrew from the College and is no longer a student. *See* Complaint ¶¶ 91 and 101. And she does not plead any intent or desire to return to the College. Thus, despite that it is *her burden* to establish standing, Plaintiff fails to demonstrate that she is likely to suffer a *future* injury from the College's alleged noncompliance with Title IX that would be remedied by changes to how the College investigates and adjudicates sexual misconduct. Put differently, because she is no longer a student and does not profess a desire to return to the College, the injunctive relief the Plaintiff seeks would have no personal impact on her. To the extent she claims a *past* injury from the College's alleged non-compliance with Title IX, her remedy is damages, not injunctive relief. *See Frost*, 920 F.3d at 1161.

---

[1] In reality, the College already has such a policy. *See https://www.jewell.edu/anti-harassment-and-grievance*.

Indeed, the Eighth Circuit has specifically applied these standing principles to hold that persons who do not have an active affiliation with an educational institution *at the time they file suit* for prospective relief under Title IX lack standing. Specifically, in *Grandson v. University of Minnesota*, 272 F.3d 568 (8th Cir. 2001), various female students sued the University of Minnesota, claiming the university violated Title IX's prohibition on sex discrimination by treating female athletes less favorably than male athletes in varsity sports. *Id* at 570-71. The plaintiffs sought injunctive relief requiring the university to end discrimination in its varsity programs by increasing the number of women's teams in NCAA Division I. *Id.* at 572. However, the plaintiffs had already either lost their NCAA eligibility or had left the university entirely. *Id.* at 574. As a result, the Eighth Circuit held that the plaintiffs lacked standing to seek injunctive relief. *Id.* at 575 ("Plaintiffs challenge this ruling as to Grandson but fail to address her lack of standing. That a plaintiff lacks eligibility *or is no longer a student* is an adequate basis to dismiss an individual Title IX claim for injunctive relief." (emphasis added)); *see also Frederick v. Simpson Coll.*, 160 F. Supp. 2d 1033, 1037 n.8 (S.D. Iowa 2001).

Here, Plaintiff's own Complaint establishes that she is no longer a student at the College. Thus, whether the College is in violation of Title IX or not (it isn't), Plaintiff is not likely to suffer a *future* injury from such non-compliance and therefore lacks standing to seek injunctive relief. Thus, as in *Grandson*, this Court should dismiss her Title IX claim under Federal Rule 12(b)(1) to the extent it seeks prospective relief.

### III. PLAINTIFF'S COUNTS III, VI, AND VII FAIL TO STATE A CLAIM

Rather than confining her claims to conventional theories of liability under Title IX and Missouri tort law, in Counts III, VI, and VII, Plaintiff asserts theories of liability that no Missouri court has ever recognized on remotely analogous facts, and that are all predicated on alleged tort

4

and fiduciary duties that Missouri courts have rejected. Thus, this Court should dismiss these various counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### A. Count III Fails to State a Claim Because the College Did Not Have a General Duty to Protect Students from Criminal Acts of Third Parties

In Count III, Plaintiff asserts a negligence claim against the College for its "negligent failure to protect" her from Z.P.'s allegedly criminal conduct. Complaint at 19. The theory presupposes that the College had a "duty to provide reasonable protection to Plaintiff as a student assigned to one of WJC's dormitories," *see id.* ¶ 109, and that it failed to meet this duty through various acts, including not performing room checks, allowing male students to the "floors and halls" occupied by female students, and by failing to remove Z.P. from campus despite his "dangerous propensities." *See id.* ¶ 111. Yet, Missouri courts have held that colleges and universities do *not* stand *in loco parentis* to their adult students and thus have no general duty to protect students from the criminal acts of peers. To the extent Plaintiff claims the College was aware of a dangerous condition on its property in the form of Z.P. himself, that theory is already stated in Count IV for premises liability and Count V for negligent supervision. Thus, this Court should dismiss Count III for failure to state a claim.

Under Federal Rule of Civil Procedure 12(b)(6), a court should dismiss a claim that fails to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not sufficient. *Id.* While the factual allegations made by the plaintiff are accepted as true for purposes of Rule 12(b)(6), *see Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007), even a factually detailed claim must be dismissed if it lacks a cognizable legal theory. *Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th

5

Cir. 2013); *see also Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (facts pleaded must state a right to relief under some "viable legal theory").

The question of whether a duty exists for purposes of a negligence claim is "purely a question of law." *Richey v. DP Properties, LP*, 252 S.W.3d 249, 251 (Mo. Ct. App. 2008). Here, Plaintiff predicates Count III on a supposed duty on the College's part to "provide reasonable protection to Plaintiff as a student assigned to one of WJC's dormitories." Complaint ¶ 109. Under Missouri law, however, the relationship between student and college does *not* give rise to a general duty to protect from harm. *Nickel v. Stephens College*, 480 S.W.3d 390, 401 (Mo. Ct. App. 2015) (noting "the general principle that no special relationship exists between a college and its students when it comes to matters of safety"); *see also Pearson v. Logan University*, 2018 WL 3631227, at *8 (E.D. Mo. 2018) ("Since the late 1970s, the general rule is that no special relationship exists between a college and its own students because the college is not an insurer of the safety of its students."). Thus, Plaintiff's legal theory is simply not viable.

Missouri courts have recognized that a college or university, *as a landowner*, may have a duty "when a person, known to be violent, is present on the premises or an individual is present who has conducted himself so as to indicate danger and sufficient time exists to prevent injury." *Pearson*, 2018 WL 3631227, at *8. Similarly, a "*business owner* may have a duty to protect invitees from the criminal acts of *unknown* persons in circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Id.* (emphasis added). Neither of these duties, however, arises from the student-college *relationship*, as alleged in Count III.

Regardless, Plaintiff separately pleads premises liability in Count IV and negligent supervision in Count V, which would render Count III duplicative of Counts IV and V if

6

Plaintiff's intent were to predicate Count III on the College's awareness and failure to address the supposed dangerous condition in the form of Z.P.'s presence on campus. *See Anderson v. Robinson*, 2012 WL 6049090, at *4 (E.D. Mo. 2012) (dismissing under Rule 12(b)(6) count in complaint that was duplicative of another count). And business invitee liability, predicated on the foreseeable criminal acts of "unknown persons" does not apply because Plaintiff alleges that Z.P.'s identity *was previously known*. Thus, this Court should dismiss Count III for failure to state a claim because it is predicated on a legal theory that courts have rejected.

> **B.** **Count VI Fails to State a Claim Because Missouri Law Does Not Recognize "Administrative Negligence"**

In Count VI, Plaintiff claims that the College committed "administrative negligence" by "failing to promulgate adequate and necessary" policies and procedures intended to ensure safety and prevent sexual misconduct; by failing to adequately train and supervise employees; and by failing to enforce and comply with its various policies, such that Plaintiff was sexually assaulted as a result. *See* Complaint ¶ 142. Plaintiff predicates this count on the College's supposed duty to "exercise and furnish such degree of care as a reasonably prudent educational institution would have provided to Plaintiff under similar circumstances." *Id.* ¶ 141. Yet there is no such thing as "administrative negligence," and colleges do not have a general duty to act as a "reasonably prudent educational institution" in ensuring student safety. Rather, any hypothetical duty the College had with respect to Plaintiff's sexual assault was only that which a landlord has to address the presence of a person with a known history of violence and "who has conducted himself so to indicate danger and sufficient time exists to prevent injury." *See Logan Univ.*, 2018 WL 3631227, at *8. As noted above, that theory is already pleaded in Counts IV and V. Thus, this Court should dismiss Count VI for failure to state a claim.

Whether the College owed a duty to act as a "reasonably prudent educational institution" is a pure question of law. *See Richey*, 252 S.W.3d at 251. Tellingly, there is no reported Missouri case recognizing such a thing as "administrative negligence," and neither is there any case holding a college or university has a general duty to act like a "reasonably prudent educational institution" in promulgating and administering policies concerning student safety. Quite to the contrary, as *Nickel* and *Logan University* recognize, the relationship between student and college does not give rise to a general duty of care as it pertains to the preventing of harm caused by third parties. *See Nickel*, 480 S.W.3d at 401; *Logan University*, 2018 WL 3631227, at *8; *see also Freeman v. Busch*, 349 F.3d 582, 587 (8th Cir. 2003) ("In fact, since the late 1970s, the general rule is that no special relationship exists between a college and its *own* students because a college is not an insurer of the safety of its students." (emphasis in original)). Rather, the only instances in which a college can be liable in negligence with respect to the criminal conduct of a third-party are those two instances noted in *Logan University*, only one of which—the landowner theory—is implicated by this case and is separately pleaded in Counts IV and V. *See* 2018 WL 3631227, at *8.

Put simply, because the College did not have a general duty to insure student safety, or even a general duty to protect against third-party criminal conduct, it could not have a general tort law duty, sounding in "administrative negligence," to promulgate, enforce, and train on policies concerning student safety. To the extent Plaintiff claims the failure of the College to promulgate, enforce, and train on policies was a negligent response to its duty to guard against the known risk that Z.P. posed, such claim is already separately pleaded in Counts IV and V. Thus, this Court should dismiss Count VI for failure to state a claim.

8

### C. Count VII Fails to State a Claim Because the College Did Not Owe a Fiduciary Duty to Plaintiff

Finally, in Count VII, Plaintiff claims that the College owed her a fiduciary duty because it required her to live in its dormitories, assumed "authority and duty to control" over its residents, and promised its residents that it would enforce its own policies and procedures expressly designed to ensure the safety of its residents from sexual assault." Complaint ¶ 155. Plaintiff claims the College, in turn, breached this supposed fiduciary duty by failing to abide by its "own rules and procedures, including its knock and check policy," the proximate result of which, claims Plaintiff, is that Z.P. was able to sexually assault her. *Id.* ¶¶ 156-57. Similar to Counts III and VI, however, the supposed "duty" that Plaintiff claims in Count VII does not exist as a matter of law. Thus, this Court should dismiss Count VII for failure to state a claim.

Whether a fiduciary duty exists is a question of law. *NTD I, LLC v. Alliant Asset Mgmt. Co., LLC*, 337 F. Supp. 3d 877, 887 (E.D. Mo. 2018). To establish that a fiduciary duty exists, a plaintiff must plead: "(1) as between parties, one must be subservient to the dominant mind and will of the other as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party." *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565, 567 (Mo. Ct. App. 1992).

Setting aside that there is no Missouri case (state or federal) holding an educational institution has a fiduciary relationship with its students as it pertains to student safety, Plaintiff's claim here fails for the simple reason that she does not allege the College "possessed or

9

Case 4:19-cv-00351-SRB   Document 13   Filed 06/03/19   Page 13 of 15

managed" any of *her* property. *Id.*; *see also Arnold v. Erkmann*, 934 S.W.2d 621, 629 (Mo. Ct. App. 1996) ("One of the key elements of a fiduciary relationship in this context is the fiduciary's control of the *supervised party's property*." (emphasis added)).

Furthermore, her Complaint contains no allegations indicating the College automatically and habitually manipulated *her actions* as a "subservient party" as it pertains to the alleged sexual assault. *Johnston*, 835 S.W.2d at 567. Quite to the contrary, as Plaintiff's Complaint makes clear, Plaintiff and her roommate came to be in their room with Z.P. through no action of the College—indeed, unbeknownst to the College. While she claims elsewhere in her Complaint that the College improperly pressured her *post*-assault (it didn't, but that's a question for a later day), Count VII is expressly predicated on the College's alleged breach of fiduciary duty in failing to *prevent* the assault, not in its breach of an alleged fiduciary duty with respect to *post*-assault conduct. *See* Complaint ¶¶ 156-57. Thus, because Plaintiff fails to plead facts demonstrating even the existence of a fiduciary relationship, this Court should dismiss Count VII for failure to state a claim.

## IV. CONCLUSION

Because Plaintiff is no longer a student of the College, she lacks standing to pursue prospective injunctive relief to address the College's alleged violations of Title IX. Therefore, this Court lacks subject matter jurisdiction over Count I to the extent it seeks prospective relief and should dismiss it pursuant to Rule 12(b)(1).

Counts III, VI, and VII of Plaintiff's Complaint are all predicated on overly-broad theories of tort and fiduciary duty that no Missouri court has recognized on these facts and that are fundamentally incompatible with Missouri precedents holding that colleges and universities do not have a general duty to protect students from the criminal acts of third-persons. Thus, this Court should dismiss Counts III, VI, and VII pursuant to Rule 12(b)(6) for failure to state a claim

10

Case 4:19-cv-00351-SRB   Document 13   Filed 06/03/19   Page 14 of 15

Respectfully submitted,

/s/ Derek T. Teeter
Derek T. Teeter    MO #59031
HUSCH BLACKWELL LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Tel: 816-983-8000
Fax: 816-983-8000
derek.teeter@huschblackwell.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 3, 2019, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Derek T. Teeter
*Attorney for Defendant*

11