**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| A.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No.   4:19-cv-00351-SRB |
| | ) |
| WILLIAM JEWELL COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. (Doc. #12). The motion is granted in part and denied in part. The motion is granted with respect to Counts VI and VII, which are dismissed. The motion is denied in all other respects.

### I.      Background

Plaintiff A.P. filed her Complaint and Jury Demand on May 3, 2019. Plaintiff alleges she was raped by a freshman student-athlete, Z.P., at Defendant William Jewell College on or about September 30, 2017. At the time, Plaintiff was also freshman at Defendant. Plaintiff alleges the rape occurred in her dorm room on Defendant's campus, where Defendant required all freshmen to live. Plaintiff alleges Defendant instituted a "knock and check" policy at Plaintiff's dormitory "requiring the resident assistants ("RAs") to check on the occupants of each dormitory room at or around midnight or 1:00 a.m. each morning to ensure that no individuals were in the rooms who were not authorized to be within the room." (Doc. #1, ¶ 24). Plaintiff alleges this policy was enforced for only one week after school began. (Doc. #1, ¶ 25).

Plaintiff alleges Z.P. committed other, prior acts of sexual harassment and/or sexual assault on Defendant's campus and about which Defendant was aware. Plaintiff also alleges that prior to becoming a student at Defendant, Z.P. committed an act of a sexual nature that resulted in him being transferred to an alternative high school for the remainder of his senior year. Plaintiff alleges Defendant should have requested a copy of Z.P.'s final high school file, which would have alerted Defendant to Z.P.'s acts. Plaintiff alleges Defendant "had actual knowledge of Z.P.'s prior acts of sexual harassment and acted with deliberate indifference to this known harassment and inherent risk presented Plaintiff and other females on campus." (Doc. #1, ¶ 2).

Plaintiff notified two of her professors about the rape on or about October 2, 2017. Plaintiff reported the rape to the Liberty, Missouri Police Department on or about October 4, 2017. Plaintiff alleges that after the rape she was "intimidated by those in a position of authority at [Defendant]" and was discouraged "from seeking mental health treatment" and "from seeking counsel[.]" (Doc. #1, ¶ 91). As a result, Plaintiff withdrew from enrollment with Defendant and has not returned.

Plaintiff's Complaint includes eight counts: 1) Count I – Violation of Title IX, 20 U.S.C. § 1681(a); 2) Count II – Attorney Fees; 3) Count III – Negligent Failure to Protect; 4) Count IV – Premises Liability; 5) Count V – Negligent Supervision; 6) Count VI – Administrative Negligence; 7) Count VII – Breach of Fiduciary Duty; and 8) Count VIII – Punitive Damages. By its present motion, Defendant asks the Court to dismiss Plaintiff's request for prospective injunctive relief in connection with Count I. Defendant argues the Court does not have subject-matter jurisdiction to issue an injunction in connection with Count I because Plaintiff lacks standing to seek changes to Defendant's sexual harassment/assault policies in that such changes would not redress Plaintiff's injury given she is no longer a student at Defendant. Defendant

2

also seeks dismissal in full of Counts III, VI, and VII.  Defendant argues Counts III and VI must be dismissed for failure to state a claim because Missouri law does not recognize such claims. Finally, Defendant argues Count VII should be dismissed for failure to state a claim because Plaintiff does not allege facts that would support a finding of the necessary elements of a fiduciary relationship.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject-matter jurisdiction.  "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).  Here, Defendant raises a facial challenge.  "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (citation omitted).

Article III standing is necessary to the Court's jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).  Article III standing requires a plaintiff to have suffered an injury in fact that is fairly traceable to the defendant's challenged conduct and that can be redressed by a favorable decision. *Id.*  "To have Article III standing to seek prospective relief, plaintiffs must show they are likely to suffer future injury that will be remedied by the relief sought." *Elizabeth M. v. Montenez*, 458 F.3d 779, 784 (8th Cir. 2006).

Pursuant to Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss [for failure to state a claim], a

Case 4:19-cv-00351-SRB   Document 23   Filed 07/26/19   Page 3 of 11

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted); *see Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

The Court must consider all facts alleged in the Complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, allegations that are "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677) (internal citations omitted).

### III.    Discussion

#### a.    Count I – Injunctive Relief

In connection with Count I, Plaintiff requests an injunction that would require Defendant to adopt new or revised sexual harassment policies, to distribute those policies to students, and to provide for an independent annual review of compliance with sexual harassment policies. (Doc. #1, pp. 32-33). Defendant argues Plaintiff's request for such an injunction must be dismissed because "Plaintiff fails to demonstrate that she is likely to suffer a future injury from the [Defendant's] alleged noncompliance with Title IX that would be remedied by changes to how the [Defendant] investigates and adjudicates sexual misconduct." (Doc. #13, p. 7).

4

Defendant relies primarily on *Grandson v. Univ. of Minnesota*, 272 F.3d 568 (8th Cir. 2001).  Initially, *Grandson* was an Eighth Circuit affirmance of a grant of summary judgment; *Grandson* was not decided on a motion to dismiss.  *Id.* at 571.  In *Grandson*, four plaintiffs brought Title IX claims for gender discrimination in athletic programming.  *Id.*  The district court granted summary judgment on the claims for injunctive relief finding each of the four plaintiffs lacked standing to seek such relief.  *Id.* at 574.  The Eighth Circuit affirmed.  *Id.*  Three of the plaintiffs had no remaining NCAA eligibility, and the fourth plaintiff did not play on a varsity team.  *Id.*  With respect to the fourth plaintiff, the Eighth Circuit found it "wholly speculative" that she might return to defendant school.  *Id.*  The Eighth Circuit's finding was made with the benefit of evidence developed during discovery.  *Id.*

This case is in its earliest stages, and the Court has the benefit only of Plaintiff's allegations in her Complaint, which must be accepted as true.  Plaintiff alleges she was forced to leave the school as a result of Defendant's actions and policies.  (Doc. #1, ¶¶ 91-92).  Plaintiff also alleges she was a freshman in 2017, but Plaintiff's Complaint is silent as to whether she has continued college-level studies elsewhere or has plans to possibly return to school with Defendant.  Plaintiff's silence with respect to any intention to return to school with Defendant is not the same as affirmative allegations of circumstances that preclude her ability to return to school with Defendant.  This issue is better resolved on summary judgment after relevant facts have been developed in discovery.  *See R.S. ex rel. S.S. v. Minnewaska Area Sch. Dist. No. 2149*, 894 F. Supp. 2d 1128, 1148 (D. Minn. 2012) (denying motion to dismiss claim for injunctive relief where Plaintiff student had moved out of school district and finding "motion would be more appropriate as a motion for partial summary judgment, brought after both sides have had

5

time to explore this issue through discovery[]").  Defendant's motion to dismiss Plaintiff's request for injunctive relief in connection with Count I is denied.

### b.      Count III – Negligent Failure to Protect

"A negligence claim requires proof of: (1) a legal duty of the defendant to protect plaintiff from injury, (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff." *Nickel v. Stephens College*, 480 S.W.3d 390, 400 (Mo. App. W.D. 2015).  Whether a duty exists is a question of law.  *Spencer v. American Airlines, Inc.*, 553 S.W.3d 861, 866-67 (Mo. App. E.D. 2018).  Plaintiff alleges in Count III, "Defendant . . . had a duty to provide reasonable protection to Plaintiff as a student assigned to one of [Defendant's] dormitories."  (Doc. #1, ¶ 109).  Plaintiff further alleges Defendant "required its freshmen students, including Plaintiff, to live in its on-campus dormitories."  (Doc. #1, ¶ 148).

Defendant argues Plaintiff's Count III fails to state a claim because "[u]nder Missouri law . . . the relationship between student and college does *not* give rise to a general duty to protect from harm."  (Doc. #13, p. 10) (citing *Nickel*, 480 S.W.3d at 401).  Defendant further argues that "[t]o the extent Plaintiff claims the [Defendant] was aware of a dangerous condition on its property in the form of Z.P. himself, that theory is already stated in Count IV for premises liability and Count V for negligent supervision."  (Doc. #13, p. 9).

In connection with Count III, Plaintiff alleges Defendant was negligent in failing to perform room checks, allowing male students unimpeded access to halls occupied by female students, and failing to lock hallway doors, among other acts.  (Doc. #1, ¶ 111).  Plaintiff's allegations in Count III implicate more than a general duty to protect.  The Court finds Count III as pleaded could support a finding that Defendant owed a duty to protect Plaintiff from harm caused by a third party if evidence developed during discovery reveals 1) the existence of a

6

landlord-tenant relationship between Defendant and Plaintiff and 2) special circumstances warranting the imposition of a duty. *See Letsinger v. Drury College*, 68 S.W.3d 408, 411 (Mo. banc 2002) (reversing grant of summary judgment to Drury College on student plaintiff's negligence claim where genuine issue of material fact existed regarding whether landlord-tenant relationship existed between student plaintiff and Drury College). "'Special circumstances' in this context means evidence that shows the risk of being attacked was increased by some action or failure of the landlord; i.e., the landlord's action or inaction presented the criminals with a particular focus or unique opportunity for their criminal activities." *Id.* (citation omitted).

The Court finds Plaintiff's allegations in Count III are sufficient to survive dismissal at this early stage in the litigation, and Defendant's motion to dismiss Plaintiff's Count III is denied.

### c. Count VI – Administrative Negligence

Plaintiff alleges in Count VI, "As a result of the relationship existing between Defendant . . . and Plaintiff as described above, Defendant . . . had a duty to exercise and furnish such degree of care as a reasonably prudent educational institution would have provided to Plaintiff under similar circumstances." (Doc. #1, ¶ 141). Plaintiff alleges Defendant was negligent in the exercise of this duty by failing to adopt necessary policies, failing to provide adequate and necessary training, and failing to enforce and comply with its policies. (Doc. #1, ¶ 142). Defendant argues "there is no such thing as 'administrative negligence,' and colleges do not have a general duty to act as a 'reasonably prudent educational institution' in ensuring student safety." (Doc. #13, p. 11). Plaintiff responds, "Plaintiff's allegations in Count VI of her Complaint are not based on any duty by the mere fact that she was a student at Defendant . . ., rather, Plaintiff's Complaint establishes the duty assumed by Defendant relative to the promulgation and

7

enforcement of policies relating to sexual assault/harassment." (Doc. #16, p. 11). Plaintiff's argument is essentially that because Defendant adopted sexual harassment/assault policies, it was duty bound to adopt "adequate and necessary" policies. (Doc. #1, ¶ 142).

Plaintiff's response cites only one case for a general statement of the law regarding assumption of a duty "by contract or by conduct[.]" (Doc. #16, pp. 11-12) (citing *Bowan ex rel. Bowan*, 135 S.W.3d 452, 457 (Mo. App. E.D. 2004)). Plaintiff does not cite to the Court any case in which a defendant was found to have assumed a duty to promulgate and enforce any type of policy, and Plaintiff does not cite to the Court any case in which a defendant was found to have assumed a duty in any "administrative" context.

The Court is persuaded that the reasoning in cases cited by Defendant precludes the finding that Defendant assumed a duty by its promulgation of sexual assault/harassment policies. In *Wood v. Centermark Props., Inc.*, 984 S.W.2d 517, 525 (Mo. App. E.D. 1998), the court found a mall did not assume a duty to protect its tenant's employee from the criminal acts of third parties by employing a security force. The *Wood* court stated, "Centermark's employment of a security force which had a policy of patrolling those areas does not create an assumed duty." *Id.* In *Miller v. South Cnty. Ctr., Inc.*, 857 S.W.2d 507, 512 (Mo. App. E.D. 1993), the court held a shopping center did not assume a duty "to guard against or warn of the alleged attack upon [p]laintiff" by employing security guards. The court concluded, "Greater prudence than the law otherwise requires is not a proper basis for the imposition of a duty; it is conduct society seeks to encourage." *Id.*

Initially, the Court agrees that Defendant did not owe a duty to Plaintiff by virtue of their college-student relationship. *See Nickel*, 480 S.W.3d at 401 ("[N]o special relationship exists between a college and its students even when it comes to matters of safety."). To find that

8

Defendant assumed a duty to adopt "adequate and necessary" sexual harassment/assault policies by its promulgation of sexual harassment/assault policies, goes against the reasoning in *Wood* and *Miller*.  Defendant's motion to dismiss Plaintiff's Count VI is granted.

### d.    Count VII – Breach of Fiduciary Duty

Defendant argues Count VII must be dismissed because Plaintiff does not allege facts that could support the finding of at least two elements necessary for the formation of a fiduciary relationship.  Specifically, Defendant argues Plaintiff does not allege Defendant possessed or controlled Plaintiff's property and Plaintiff does not allege Defendant manipulated Plaintiff's actions.  In *Shapiro v. Butterfield*, 921 S.W.2d 649, 651 (Mo. App. E.D. 1996), which is the only fiduciary-duty case arising in the higher-education context that was cited by either party, the court outlined the necessary elements of a fiduciary relationship:

> (1) as between parties, one must be subservient to the dominant mind and will of the other as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, business, or other things of value must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party.

(citation omitted).

As to the formation of a fiduciary relationship, Plaintiff alleges in Count VII:

> By requiring its freshmen, such as Z.P. and Plaintiff to reside in its dormitories, in maintaining ownership, possession, and control over Plaintiff's dormitory and its residents, including Plaintiff, by assuming authority and duty to control, direct, and supervise the conduct of its residents, and by promising to them that it would enforce its own policies and procedures expressly designed to ensure the safety of its residents from sexual assault in its dormitories, a fiduciary relationship existed between Plaintiff and Defendant[.]"

(Doc. #1, ¶ 155).  Specifically with respect to Defendant's control over dormitory residents, Plaintiff alleges:

Defendant . . . maintained ownership, possession, and control over Plaintiff's dormitory, and maintained the ability and authority to control and supervise its residents that resided in its dormitories, including Plaintiff and Z.P.

While residing in the on-campus dormitories, the dormitory residents, including Plaintiff were required to abide by [Defendant's] rules and regulations for residing in the dormitories.

As part of its rules and regulations for the control and supervision of its residents as set forth above, [Defendant] instituted a knock and check policy performed by its RAs and/or RDs to knock and check on each dormitory room and its residents so as to ensure the safety of its residents.

(Doc. #1, ¶¶ 152-54).

In opposing Defendant's motion to dismiss Count VII, Plaintiff argues that possession or control of a thing of value is not always a required element of a fiduciary relationship, and that even if it were a required element, Plaintiff has alleged Defendant controlled a thing of value in the form of the dormitory residents themselves. The Court is unpersuaded by Plaintiff's argument that possession or control of a thing of value is not a required element where the *Shapiro* court specifically stated it was a required element in the higher-education context. 921 S.W.2d at 651. In *Shapiro*, the court dismissed a university student's fiduciary-duty claim against her faculty advisor where the petition "contained only bare allegations supporting such a relationship." *Id*.

Even assuming dormitory residents themselves could be considered things "of value" in the fiduciary duty context, the Court finds Plaintiff's allegations with respect to the formation of a fiduciary relationship between Plaintiff and Defendant are conclusory. Plaintiff alleges Defendant controlled its dormitory residents, but Plaintiff does not allege any facts supporting this conclusory statement. Plaintiff does not allege the substance of any policies that affected the behavior of any residents. Plaintiff alleges the existence of a "knock and check" policy, but Plaintiff does not allege that this policy required dormitory residents to be in their rooms at any

particular time or that the policy prevented non-residents from being in dormitory rooms at a particular time. The only factual allegation of Defendant exhibiting control over Plaintiff's behavior is that Plaintiff was required to live in an on-campus dormitory. This sole allegation relating to Plaintiff's subservience to Defendant does not, standing alone, support the finding of a fiduciary relationship.

The Court finds Plaintiff's Count VII fails to state a claim in that it does not allege the necessary elements of a fiduciary relationship.

**IV.    Conclusion**

Defendant's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. #12) is granted in part and denied in part. The motion is granted with respect to Counts VI and VII, which are dismissed. The motion is denied in all other respects.


**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2019